IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERWIN PAAUB-HUB,<br><br>Petitioner,<br><br>vs.<br><br>JEROME KRAMER, Sheriff Lincoln County Det Cen, et al.,<br><br>Respondents. | 8:26-CV-552<br><br>ORDER |

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the Lincoln County Detention Center in North Platte, Nebraska. Filing 1. The petitioner was detained on August 7, 2026, and he alleges that his continued detention is unlawful. *See* filing 1 at 2; filing 8 at 4.

But the petitioner's transfer into ICE custody appears to be his first contact with U.S. immigration authorities after his most recent entry into the United States. *See* filing 8 at 4. He doesn't claim that, prior to his detention, he had been admitted or paroled into the country. *See* filing 1. Accordingly, this case presents a straightforward application of the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026): The petitioner was "seeking admission" to the United States when detained, and is subject to detention without bond pursuant to 8 U.S.C. § 1225(b)(2)(A).

Rather, the petitioner's primary argument seems to be that the traffic stop and arrest which led to his detention was unlawful. *See* filing 1 at 6-8. But generally speaking, an unlawful warrantless arrest isn't a get-out-of-jail-free card if a lawful basis to detain someone is subsequently established. *Cf. Mastrian v. McManus*, 554 F.2d 813, 820 (8th Cir. 1977); *McDonald v.*

*Arkansas*, 501 F.2d 385, 388 (8th Cir. 1974). The Supreme Court has explained, in the context of a habeas challenge to immigration detention, that

> [i]rregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects conformable to law. A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.

*U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (quotations omitted).

The petitioner also alleges that he is suffering from an arm injury that isn't being sufficiently treated. *See* filing 1 at 8. He has the right to treatment for his serious medical needs. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). But because this claim does not challenge the validity or length of his detention, a writ of habeas corpus is not a proper remedy. *Hanslick Moran v. Warden, Ste. Genevieve Cnty. Det. Ctr.*, No. 1:26-CV-83, 2026 WL 1693766, at *2 (E.D. Mo. June 11, 2026) (citing *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)). Such a claim must instead be brought as a civil rights claim pursuant to 42 U.S.C. § 1983. To assist the petitioner, the Court will direct the Clerk's Office to provide the petitioner with the appropriate forms for such a claim, should be decide to assert one.

This Court has held that under some circumstances, for some aliens who have entered into and established residence in the United States, indefinite detention without a bond hearing pursuant to § 1225(b)(2)(A) violates due process. *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb. Aug. 3,

2026). The petitioner's detention remains presumptively reasonable at this point. *Cf. Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that the presumptive limit to reasonable duration of post-removal-period detention is six months).

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied without prejudice to reassertion.

2. A separate judgment will be entered.

3. The Clerk of the Court is directed to include with this order copies of Form Pro Se 14 and Form AO 240.

Dated this 8th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge